UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LONNIE TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-547-JD-MGG |
| | ) | |
| CELENA SHERWOOD, MR. DEW, | ) | |
| and MR. SANTOS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Lonnie Tolliver was a prisoner at the Westville Correctional Facility when he was attacked by several other inmates. He alleges three prison officials (Celena Sherwood, Mr. Dew, and Mr. Santos) were personally involved in permitting his attackers to freely move through secured areas and sanctioned the attack on him. The Eighth Amendment is violated when "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Such are the allegations here and Tolliver states a claim against Celena Sherwood, Mr. Dew, and Mr. Santos.

Tolliver also alleges Sharon Hawk and Mrs. Cornett could have prevented the attack by placing the facility on lockdown in response to another attack earlier in the day. However, he has not alleged they had any actual knowledge that a second attack was imminent. "Prisons are dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley*, 86 F.3d at 640 (7th Cir. 1996).

1

> Some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id*. at 348. This is why even general requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). ("[L]ack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference."). Thus, Tolliver does not state a claim against either Sharon Hawk or Mrs. Cornett and they will be dismissed pursuant to 28 U.S.C. § 1915A.

For these reasons, the court:

(1) GRANTS Lonnie Tolliver, pursuant to 28 U.S.C. § 1915A, leave to proceed against Celena Sherwood, Mr. Dew, and Mr. Santos in their individual capacities for compensatory and punitive damages for facilitating and sanctioning the attack on him by other inmates at the Westville Correctional Facility in September 2015 in violation of the Eighth Amendment;

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A;

(3) DISMISSES Sharon Hawk and Mrs. Cornett pursuant to 28 U.S.C. § 1915A;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Celena Sherwood, Mr. Dew, and Mr. Santos at the Indiana Department of

Correction with a copy of this order and the amended complaint (ECF 11) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), that Celena Sherwood, Mr. Dew, and Mr. Santos respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 23, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT