UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LONNIE TOLLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-547 JD |
| | ) |
| ROBERT DEU, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This is an Eighth Amendment case by a prisoner alleging that guards allowed him to be attacked by other inmates. Plaintiff Lonnie Tolliver was incarcerated at the Westville Correctional Facility in September 2015, when he was beaten by other inmates who gained access to his dorm. He sued a number of prison officials, alleging that they were deliberately indifferent by allowing those inmates to attack him, in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Counsel appeared on his behalf just before the Court screened the complaint and granted him leave to proceed on that claim against three defendants. Discovery has now closed, and the two defendants who have appeared—Robert Deu and Antonio Santos—moved for summary judgment. They also moved to strike an exhibit that Mr. Tolliver filed in violation of the protective order. The Court addresses those two motions in turn, and then addresses the claim against the third defendant, Celena Sherwood.

**A.  Summary Judgment**

First, Mr. Deu and Mr. Santos move for summary judgment. They argue that they were not even present at the prison on the day of the attack and did not do any of the wrongful things alleged in Mr. Tolliver's complaint, so they are not personally responsible for his injuries. Summary judgment is the "put up or shut up" moment in a lawsuit. *Beardsall v. CVS Pharmacy,*

*Inc.*, No. 19-1850, 2020 WL 1429214, at *3 (7th Cir. Mar. 24, 2020). A court must grant summary judgment if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Parties responding to a motion for summary judgment must "put their evidentiary cards on the table" and show that a jury could find in their favor. *Sommerfield v. City of Chi.*, 863 F.3d 645, 649 (7th Cir. 2017).

Mr. Tolliver makes little effort to respond to the motion for summary judgment on its merits. He submitted his own affidavit stating that Mr. Deu and Mr. Santos were present on the day of his attack, but he makes little attempt to establish that they did anything wrongful or bear personal responsibility for the attack by other inmates. The Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners, but guards can be held personally responsible for an attack only if they are deliberately indifferent to the danger. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). That requires showing that the guards knew of and disregarded an excessive risk to inmate safety. *Id.* at 837.

Mr. Tolliver asserts in his affidavit that Deu and Santos "allowed the attacking inmates to enter [his] dorm" and "failed to properly attend to their duties, thereby allowing the attacking inmates to gain access to the dorm." [DE 82-1]. The latter assertion is too vague to be of use at summary judgment, as Mr. Tolliver does not say how they failed to properly attend to their duties or what they did wrong. "[C]onclusory statements not grounded in specific facts" are not enough to avoid summary judgment. *Sommerfield*, 863 F.3d at 649. And neither assertion shows

2

that either defendant is personally responsible for the attack against him. Guards are deliberately indifferent only when they "effectively condone[] the attack by allowing it to happen." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Mr. Tolliver has not identified any evidence that, by allowing inmates to enter his dorm, the defendants were condoning an attack by those inmates. Thus, Mr. Tolliver has not identified evidence sufficient to overcome the defendants' motion for summary judgment.

Mr. Tolliver instead spends most of his response arguing that he needs more discovery to address the evidence that Mr. Deu and Mr. Santos were not working on the day of the attack. That request is untenable. First, under Rule 56(d), a party seeking more discovery before responding to summary judgment must support its request with an "affidavit or declaration" explaining why it cannot respond, Fed. R. Civ. P. 56(d), which Mr. Tolliver has not done. Second, Mr. Tolliver already had over a year to conduct discovery. As the plaintiff, Mr. Tolliver bears the burden on proof, and he had an extensive amount of time in which to develop any facts that would be necessary to support his claim, as well as to ascertain the defendants' defenses. As justification for more discovery, Mr. Tolliver argues that he didn't learn until after discovery closed that the defendants were not working on the day of the incident. Even if that was true, it would not excuse his untimeliness; he had a year to conduct discovery to determine if he sued the right people. In addition, the defendants' answers and discovery responses put Mr. Tolliver on notice of this defense, as they each denied that they were personally involved in the alleged incident. [DE 29, 83-1, 83-2]. Mr. Tolliver did not take their depositions, though, and does not indicate that he otherwise utilized other discovery tools to inquire into that contention. Because he already had an extensive discovery period and has not suitably explained why he did not

3

conduct the discovery now at issue during that time, the Court denies Mr. Tolliver's request to re-open discovery.

Mr. Tolliver finally suggests that he may need to amend his complaint to name the correct defendants. Again, that request is untenable. This case is already almost three years old, discovery has already closed, and the deadline for any amendments to the pleadings passed in August 2018. It is far too late to add new defendants, and even now Mr. Tolliver does not say (or know) who those defendants would be. Adding claims against new defendants would be futile, too. The incident at issue took place about four-and-a-half years ago, in September 2015, and the statute of limitations on this claim is only two years. *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). Any further proceedings to identify or add new defendants are thus unwarranted. The Court therefore denies the request for more discovery and grants summary judgment as to Mr. Deu and Mr. Santos.

**B.      Motion to Strike**

The defendants also filed a motion to strike. In response to the motion for summary judgment, Mr. Tolliver's attorney publicly filed an exhibit that had been produced pursuant to the protective order as "Attorneys Eyes Only." The exhibit is a staffing list that includes all of the positions at the prison and the guards assigned to those positions on a particular day. Defense counsel brought that oversight to plaintiff's counsel's attention, and plaintiff's counsel promised to immediately move to seal the exhibit. But he never did so. Thus, a week later, defense counsel moved to strike the exhibit[1] and for an award of the attorney's fees incurred in filing the motion. Plaintiff's counsel never responded to that motion.

---

[1] The Court placed the exhibit under seal once the motion to strike was filed, to prevent disclosure while the motion was pending.

The Court grants the request to strike. The exhibit was filed in violation of the protective order, which requires any exhibits produced as Attorneys Eyes Only to be filed under seal. [DE 49]. It is also unclear why the exhibit was filed in the first place, as it is not even the staffing list from the day in question. It is thus not relevant anyway, so the Court grants the motion to strike.

The Court also grants the request for attorney's fees. By filing the exhibit without a motion to seal, plaintiff's counsel violated the protective order. After defense counsel brought that oversight to counsel's attention, plaintiff's counsel never moved to seal that exhibit, despite twice promising to do so. And even when the defendants moved to strike and requested attorneys fees, plaintiff's counsel failed to respond. The Court therefore finds that an award of attorney's fees against plaintiff's counsel is warranted. *See* Fed. R. Civ. P. 37(c)(2)(C) (authorizing courts to impose attorney's fees against an attorney responsible for violating a discovery order). The defendants should submit, within 14 days, an itemization of the fees they reasonably incurred in filing the motion to strike. Plaintiff's counsel may file any objection to the amount of those fees within 14 days of that filing.

**C.     Celena Sherwood**

Finally, the Court notes that the Court granted Mr. Tolliver leave to proceed against three defendants in this case, but that Mr. Tolliver has only proceeded thus far against two of them. The third, Celena Sherwood, is apparently no longer employed by the Department of Correction, [DE 9], and has not appeared in this action. Even though this case has now been pending for almost three years and discovery has already closed, it does not appear that Mr. Tolliver has taken any action in this case to advance his claim against Ms. Sherwood. In fact, it does not appear that he ever served her with his most recent complaint.[2] The certificate of service for that

---

[2] It is also unclear if Ms. Sherwood was ever served in this case to begin with. The summons was served at the prison and was returned executed, but Ms. Sherwood was no longer employed

filing says only that the complaint was filed on the CM/ECF system, but since Ms. Sherwood has not appeared in this action, she would not receive electronic notice in that manner. The same is true of every other filing Mr. Tolliver has made in this case; it does not appear that he has served any of his filings on Ms. Sherwood. In addition, Mr. Tolliver's filings name only Deu and Santos in the caption as the defendants, suggesting he is only proceeding against those two defendants.

It appears from all of this that Mr. Tolliver has abandoned any claim against Ms. Sherwood. Therefore, the Court will order Mr. Tolliver to show cause why his claim against Ms. Sherwood should not be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**D.  Conclusion**

The Court GRANTS the motion for summary judgment as to the claims against Mr. Deu and Mr. Santos. [DE 74]. The Court also GRANTS the motion to strike and for attorney fees. [DE 84]. The Clerk is DIRECTED to strike the exhibit at DE 82-3. Defense counsel should submit, within 14 days, an itemization of the fees they reasonably incurred in filing the motion to strike. Plaintiff's counsel may file any objection to the amount of those fees within 14 days of that filing. Finally, Mr. Tolliver is ORDERED to show cause, by May 30, 2020, why the Court should not dismiss any claim against Ms. Sherwood for failure to prosecute.

SO ORDERED.

ENTERED:  April 2, 2020

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court

---

there. [DE 9]. Again, the docket does not reflect that Mr. Tolliver—who has been represented by counsel since before the Court entered its screening order—has taken any action to ensure proper service or follow up on his claim against Ms. Sherwood.